**Bonnie Allen-Sailer,** OSB #145178
bonnie@nwjp.org
**Corinna Spencer-Scheurich**, OSB #130147
corinna@nwjp.org
Northwest Workers' Justice Project
812 SW Washington St, Suite 225
Portland, OR 97205
Telephone: (503) 525-8454
Facsimile: (503) 946-3029

**D. Michael Dale**, OSB #771507
michaeldale@dmichaeldale.net
Law Office of D. Michael Dale
P.O. Box 1032
Cornelius, OR 97113
Telephone: (503) 357-8290
Facsimile: (503) 946-3089

IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF OREGON

PORTLAND DIVISION

| | |
|---|---|
| **LUIS SEBASTIÁN, JORGE EDUARDO BRAVO, JESÚS D'NAS RIVERA, JOSÉ GARCÍA CAZARES, IGNACIO GARCÍA, SANTOS JOSUÉ GONON YAC, FERNANDO HERNÁNDEZ GONZÁLEZ, HUGO OROZCO, ALONSO QUIÑONEZ,** and **CARLOS SANABRIA**, individuals,<br><br>Plaintiffs,<br><br>v.<br><br>**JUSTIN MYERS,** an individual, **J MYERS CONSTRUCTION LLC**, a domestic limited liability company, **CNA, LLC**, a domestic limited liability company, and **UNIQUE CONSTRUCTION INC.**, a domestic business corporation,<br><br>Defendants. | Civil No.: 3:17-cv-00472<br><br>COMPLAINT<br><br>Fair Labor Standards Act (29 U.S.C. §§ 201 *et seq*.), Oregon Wage and Hour Laws, Oregon Labor Contractor Laws, Breach of Contract<br><br>DEMAND FOR JURY TRIAL |

PAGE 1 – COMPLAINT

# I. INTRODUCTION

1. Luis Sebastián, Jorge Eduardo Bravo, Jesús D'nas Rivera, José García Cazares, Ignacio García, Santos Josué Ganon Yac, Fernando Hernández González, Hugo Orozco, Alonso Quiñonez, and Carlos Sanabria (collectively, "Plaintiffs") bring this action against Justin Myers, J Myers Construction LLC, CNA, LLC, and Unique Construction Inc. (collectively, "Defendants"), under the Fair Labor Standards Act (29 U.S.C. §§ 201 *et seq.*, "FLSA") to collect unpaid wages. Plaintiffs seek overtime and minimum wages due to them under 29 U.S.C. §§ 206, 207, and 216(b), and liquidated damages for the failure to pay wages under 29 U.S.C. § 216(b).

2. Plaintiffs allege unpaid wages, overtime wages, and penalty damages under Oregon wage and hour laws, O.R.S. §§ 652.140, 652.150, 652.200, 653.025, 653.055, and 653.261.

3. Plaintiffs allege violations of Oregon labor contractor laws and penalty damages under O.R.S. §§ 658.410, 658.440, 658.453, 658.465, and 658.475.

4. Plaintiffs also sue Defendants Justin Myers and J Myers Construction for breach of contract for failure to pay them the agreed upon hourly wage for all hours worked for Defendants.

# II. JURISDICTION

5. Jurisdiction is conferred on this Court by 29 U.S.C. § 216(b), as this action arises under the Fair Labor Standards Act, 29 U.S.C. §§ 201, *et seq.*; 28 U.S.C. § 1331, as this action arises under the laws of the United States and 28 U.S.C. § 1337, as it arises under acts of Congress regulating commerce.

6. Pursuant to 28 U.S.C. § 1367, this Court has supplemental jurisdiction of the claims based on Oregon law, as they are so related to claims within the Court's original

jurisdiction that they form part of the same case or controversy under Article III of the United States Constitution.

### III. PARTIES

7. Luis Sebastián, Jorge Eduardo Bravo, Jesús D'nas Rivera, José García Cazares, Ignacio García, Santos Josué Ganon Yac, Fernando Hernández González, Hugo Orozco, Alonso Quiñonez, and Carlos Sanabria are natural persons who were employed to perform labor on Amberglen West Apartments ("the Apartments") in Hillsboro, Oregon, in Washington County.

8. At all times relevant to this action, Defendant Justin Myers was an individual and a resident of Clackamas County, Oregon. He owned and operated J Myers Construction LLC.

9. At all times relevant to this action, Defendant J Myers Construction LLC, was a domestic limited liability corporation operating a business that recruits, solicits, supplies and employs construction workers in Oregon. Its principal place of business is in Clackamas County, Oregon.

10. At all times relevant to this action, Defendant CNA, LLC, was a domestic limited liability corporation operating a construction business in Oregon. Its principal place of business is in Washington County, Oregon.

11. At all times relevant to this action, Defendant Unique Construction Inc. was a domestic business corporation that recruits, solicits, supplies and employs construction workers in Oregon. Its principal place of business is in Washington County, Oregon.

### IV. FACTS

12. Defendants employed Plaintiffs from approximately April 15, 2015 to perform construction labor on the Apartments, including framing and related work.

13. Defendant CNA is in the business of constructing buildings such as the

Apartments.

14. Defendant Unique Construction is in the business of recruiting, soliciting, supplying and employing construction workers to engage in carpentry, framing, and related services in connection with constructing buildings such as the Apartments.

15. Defendants Myers and J Myers Construction are in the business of recruiting, soliciting, supplying and employing construction workers to engage in framing and related services in connection with constructing buildings such as the Apartments.

16. Carpentry, framing, and related labor are integral part of the business of constructing buildings such as the Apartments.

17. Plaintiffs were employed as framers working for hourly wages on the construction of the Apartments.

18. Plaintiffs' employment arrangement did not allow them to make a profit or loss based on their managerial skills.

19. Plaintiffs' personal investment while working on the Apartments was limited to providing their own basic personal safety equipment and tools. Plaintiff García Cazares provided some additional hand tools used by other plaintiffs.

20. Plaintiffs did not purchase or provide building materials.

21. Plaintiffs did not have responsibility for project timetables.

22. Defendant CNA provided Plaintiffs with the building materials necessary to complete their work.

23. Defendants Myers and J Myers Construction invested significant money and resources in operating the business that performed work on the Apartments.

24. Defendant CNA invested significant money and resources in operating the

construction business that performed work on the Apartments.

25. Defendant Unique Construction invested significant money and resources in operating the construction business that performed work on the Apartments.

26. Defendant CNA and Defendant Unique Construction controlled the scheduling of work to be performed on the Apartments and the hours during which Plaintiffs and other workers were permitted to work.

27. During the course of Plaintiffs' employment on the Apartments, Defendants each supervised and assigned tasks to Plaintiffs and otherwise exercised control over Plaintiffs' work.

28. Defendants Myers and J Myers Construction hired Plaintiffs, paid Plaintiffs, and directed Plaintiffs' work, assigning them tasks and communicating with them about any corrections that needed to be made.

29. During the course of Plaintiffs' employment with Defendants, Defendant Myers acted directly and indirectly in the interests of Defendant J Myers Construction in relation to Plaintiffs, including assigning and supervising Plaintiffs' work and making decisions regarding Plaintiffs' pay.

30. "Tim" (last name unknown) served as a site supervisor for Defendant CNA.

31. "Tim" frequently directed Plaintiffs' work, assigning them tasks and communicating with them about any corrections that needed to be made.

32. Defendant CNA furnished Plaintiffs with branded clothing bearing the company logo of CNA.

33. While working, Plaintiffs were instructed to and did wear clothing displaying Defendant CNA's company logo.

34. Defendants jointly employed Plaintiffs for the purpose of wage payment

protections under both federal and Oregon state minimum wage and overtime laws.

35. During each workweek during the course of Plaintiffs' employment on the Apartments, Plaintiffs were each employed in interstate commerce or in the production of goods for interstate commerce, or were employed by an enterprise engaged in interstate commerce.

36. Plaintiffs were employed on the Apartments from approximately April 6, 2015, until October 10, 2015.

37. On or about April 6, 2015, Plaintiffs met with Defendant Myers and J Myers Construction, who offered to pay them each $20 per hour to perform labor on the Apartments.

38. Plaintiffs each accepted the offer and timely performed the work requested by Defendant Myers and J Myers Construction.

39. Defendants Myers and J Myers Construction did not pay Plaintiffs their agreed-upon rates for all of the hours Plaintiffs worked.

40. In or around October 2015, Plaintiffs complained to Defendants Myers and J Myers Construction about their failure to compensate Plaintiffs' for all hours they worked.

41. Plaintiffs regularly worked in excess of 40 hours in a week during their employment for Defendants.

42. Among other weeks, Plaintiffs Sebastian, Bravo, D'nas Rivera, García Cazares, García, Gonon Yac, Hernández Gonzalez, Quiñonez, and Sanabria each worked approximately 75 hours during the week of May 25, 2015, to May 31, 2015, for which they were paid at their regular hourly rate of $20, without any premium pay for hours worked in excess of 40.

43. Among other weeks, Plaintiff Orozco worked approximately 62.5 hours during the week of May 25, 2015, to May 31, 2015, for which he was paid at his regular hourly rate of $20, without any premium pay for hours worked in excess of 40.

44. Defendants failed to compensate Plaintiffs at a rate of time and one half for every hour worked over 40 within a week period.

45. Defendants' failure to pay overtime premiums to Plaintiffs for hours worked over 40 was willful.

46. Plaintiffs were paid less than the federal and Oregon minimum wages for hours worked for Defendants.

47. Among other weeks, Plaintiffs each worked approximately 69.0 hours during the week of October 5, 2015, to October 10, 2015. They were not paid for any of their work for this week.

48. Defendants' failure to pay Plaintiffs the federal and Oregon minimum wages for all hours worked was willful.

49. Plaintiffs' employment terminated on or about October 10, 2015.

50. Defendants did not pay Plaintiffs their wages upon termination, and did so willfully.

51. On or about February 11, 2016, Plaintiffs, through their lawyer, made written demand to Defendants Myers and J Myers Construction, to be paid their unpaid and due wages in full.

52. On or about February 11, 2016, Plaintiffs, through their lawyer, made written demand on Defendant CNA to be paid their unpaid and due wages in full.

53. On or about July 26, 2016, Plaintiff, through their lawyer, made written demand to Defendant Unique Construction to be paid their unpaid and due wages in full.

54. Despite repeated requests by Plaintiffs, Defendants did not pay Plaintiffs all wages owed.

55. Defendant CNA used Defendants Myers, J Myers Construction, Unique Construction, and/or subcontractor "John Doe" to recruit, solicit, supply, or employ workers to perform labor on the Apartments.

56. Further, or in the alternative, Defendant Unique Construction used Defendants Myers, J Myers Construction, and/or subcontractor "John Doe" to recruit, solicit, supply, or employ workers to perform labor on the Apartments.

57. Defendants Myers, J Myers Construction, Unique Construction, and/or subcontractor "John Doe" received or was promised an agreed remuneration or rate of pay for recruiting, soliciting, supplying or employing workers to perform labor on the Apartments.

58. Defendants Myers, J Myers Construction, Unique Construction, and/or subcontractor "John Doe," hired Plaintiffs on the behalf of Defendants CNA and/or Unique Construction to work on the Apartments.

59. At the time of Plaintiffs' employment on the Apartments, Defendants Myers, J Myers Construction, Unique Construction, and/or subcontractor "John Doe" were acting as labor contractors on the Apartments.

60. At the time of Plaintiffs' employment on the Apartments, Defendants Myers, J Myers Construction, Unique Construction, and subcontractor "John Doe" were not licensed as construction labor contractors with the Bureau of Labor and Industries.

61. Defendants Myers, J Myers Construction, and Unique Construction and subcontractor "John Doe" did not carry a valid labor contractor's license issued by the Commissioner of Labor and Industries at all times while acting as labor contractors on the Apartments.

62. Defendants Myers, J Myers Construction, Unique Construction, and/or

subcontractor "John Doe" each failed to comply with the terms and provisions of all legal and valid agreements or contracts entered into with Plaintiffs.

63. During their employment on the Apartments, Plaintiffs did not receive a written statement itemizing the total hours worked, rate of pay, total payment, and amount and purpose of each deduction every time they received a payment.

64. Plaintiffs did not receive or sign any written disclosures, agreements, or other documents containing the terms and conditions of their employment on the Apartments.

65. At the time of Plaintiffs' employment on the Apartments, Defendants CNA and Unique Construction knew or had knowledge of facts that, with reasonably diligent inquiry, would have given it notice that Defendants Myers, J Myers Construction, Unique Construction, and subcontractor "John Doe," were not licensed as construction labor contractors with the Bureau of Labor and Industries.

## V. CLAIMS FOR RELIEF

### First Claim—Violation of FLSA

**(All Defendants)**

66. Defendants violated 29 U.S.C. § 206 when they failed to pay Plaintiffs the minimum wage rate for all the hours worked.

67. Defendants violated 29 U.S.C. § 207 when they failed to pay Plaintiffs overtime wages for work performed for Defendants in excess of forty hours per work week.

68. Pursuant to 29 U.S.C. § 216(b), Plaintiffs are entitled to recover unpaid minimum wages and overtime wages, equal amounts as liquidated damages, and attorney's fees and costs.

## Second Claim – Violation of Oregon Minimum Wage and Overtime Laws

**(All Defendants)**

69. Defendants failed to pay Plaintiffs at the Oregon minimum hourly rate for all hours worked in violation of O.R.S. § 653.025.

70. Defendants failed to pay Plaintiffs at a rate of time and one half for overtime hours in violation of O.R.S. § 653.261 and its implementing regulations.

71. Plaintiffs are entitled, under O.R.S. § 653.055, to recover the unpaid wages, penalty damages in an amount equal to 240 times their hourly wage rate, and reasonable attorney fees and costs, for non-payment of minimum and overtime wages.

## Third Claim – Violation of Oregon Timely Payment of Wages Law

**(All Defendants)**

72. Defendants failed to pay Plaintiffs all of their wages when due upon termination of their employment within the time specified in O.R.S. § 652.140.

73. Defendants' failure to pay Plaintiffs all of their wages upon termination of employment was willful.

74. Plaintiffs are entitled, under O.R.S. § 652.150, to recover penalty damages in an amount equal to 240 times their hourly wage rate, plus reasonable attorney's fees and costs, for defendants' failure to pay Plaintiffs' wages upon termination.

## Fourth Claim – Breach of Contact

**(Defendants Myers and J Myers Construction)**

75. Defendants Myers and J Myers Construction breached their contracts with Plaintiffs by failing to pay wages as agreed.

76. Plaintiffs are entitled to damages incurred as a result of the breach of their employment contracts.

### Fifth Claim – Acting as Unlicensed Construction Labor Contractor
### (Defendants Justin Myers, J Myers Construction, LLC, and Unique Construction Inc.)

77. Defendants Myers, J Myers Construction, and Unique Construction each acted as a construction labor contractor in employing Plaintiffs in violation of O.R.S. § 658.410.

78. Defendant Myers, J Myers Construction, and Unique Construction each violated O.R.S. § 658.440 when they failed to carry a labor contractor license while acting as a construction labor contractor, failed to comply with the terms and provisions of their employment contracts with Plaintiffs, failed to provide Plaintiffs with written terms and condition of employment, and failed to provide a written statement itemizing each payment made to Plaintiffs.

79. Plaintiffs are entitled, under O.R.S. § 658.475, to injunctive relief against Defendants, actual damages or $2,000, whichever amount is greater, and reasonable attorney's fees and costs, for Defendants Myers', J Myers Construction's, and Unique Construction's violations of O.R.S. §§ 658.410 and 658.440.

80. Plaintiffs are entitled, under O.R.S. § 658.453(4), to actual damages or $1,000, whichever is greater, for each violation of O.R.S. § 658.440, plus reasonable attorney's fees and costs.

### Sixth Claim – Using an Unlicensed Construction Labor Contractor
### (Defendants CNA, LLC and Unique Construction, Inc.)

81. Defendants CNA and/or Unique Construction knowingly used the services of an unlicensed labor contractor.

82. Pursuant to O.R.S. § 658.415(7), Defendants CNA and/or Unique Construction are liable to Plaintiffs for all unpaid wages for work performed on the Apartments and penalty wages under O.R.S. § 652.150.

83. Pursuant to O.R.S. §§ 658.465(4) and 658.453(4), Defendants CNA and/or Unique Construction are personally, jointly and severally liable for the obligations specified in paragraph 78.

### PRAYER FOR RELIEF

WHEREFORE, Plaintiffs respectfully request that the Court grant the following relief:

1. Award Plaintiffs their unpaid minimum and overtime wages pursuant to 29 U.S.C. § 206 and § 207 and liquidated damages pursuant to 29 U.S.C. § 216(b);

2. Award Plaintiffs their unpaid minimum wages pursuant to Oregon minimum wage laws, O.R.S. § 653.025;

3. Award Plaintiffs their unpaid overtime wages pursuant to Oregon overtime law, O.R.S. § 653.261 and its implementing regulation, OAR 838-020-0030;

4. Award Plaintiffs civil penalties, pursuant to O.R.S. § 653.055, in the amount of 240 times Plaintiffs' average hourly wage for unpaid minimum and overtime wages;

5. Award Plaintiffs civil penalties in the amount of 240 times Plaintiffs' average hourly wage pursuant to O.R.S. § 652.150, for failure to pay wages timely;

6. Award Plaintiffs their contractual damages;

7. Award Plaintiffs civil penalties in the amount of $2,000 pursuant to O.R.S. § 658.475, for Defendants Myers', J Myers Construction's, and/or Unique Construction acting as an unlicensed construction labor contractor;

8. Award Plaintiffs civil penalties of $1,000 for each violation of O.R.S. § 658.440.

9. Find that Plaintiffs are the prevailing party and award Plaintiffs reasonable attorneys' fees and costs under 29 U.S.C. § 216(b), O.R.S. §§ 653.055 and 652.200, and O.R.S. §§ 658.453 and 658.475.

10. Enjoin Defendants Myers, J Myers Construction, and Unique Construction from acting as an unlicensed labor contractor pursuant to ORS 658.475;

11. Award Plaintiff pre-judgment interest on sums due under state law claims and post-judgment interest; and

12. Award Plaintiff such other relief as this Court deems just and proper.

Respectfully submitted this 24th of March, 2017.

s/Bonnie Allen-Sailer
**Bonnie Allen-Sailer**, OSB #145178
(503) 525-8454
Of Attorneys for Plaintiffs

PAGE 13 – COMPLAINT